JOHN DEN on the demise of GEORGE WINTERMUTE v. PETER WINTERMUTE.

Where the judge at the trial, directs the jury to the real matters in controversy, but declines to charge upon a point, which is superfluous, this court will not grant a new trial.

If the party applies for a new trial, on the ground of newly discovered evidence, it ought to respect a new point, one that has come to light since the trial, on which the party has never been heard, such as the discovery of a release, or receipt for part payment, or some new ground of defence; and not farther evidence in support of an old ground that has been once contested already.

---

This was an action of ejectment for lands in the county of

Sussex, and tried, before the Chief Justice, at the May circuit, 1831. The lessor of the plaintiff claimed title to the premises in question, under the will of Peter Wintermute, deceased, which was proved and read in evidence without dispute. He also proved, that the testator died seized and in possession of the premises. It appeared in evidence that the defendant lived with his father, the testator, on the premises at the time of the testator's death, and several years before, that he worked the farm with his father, but upon what terms, was not proved.

The defendant's counsel moved for a non suit, because neither notice to quit nor demand of possession was proved. The court overruled the motion.

The defendant claimed to hold the premises by a demise from his father, the testator, from a term which was yet unexpired ; and proved that a lease had been executed by the testator to him ; that at the time of the taking of the appraisement, there was found among the papers of the deceased, a cancelled lease between the defendant and the testator ; that it was left with the executors ; that it had never been seen by the defendant since. Evidence of its contents was offered, from which it appeared, that the lease embraced the premises in controversy ; that the rent was to be paid in grain, one third to the testator in his life time, and to the widow after his death. No direct evidence was offered as to the manner or by whom the lease was cancelled.

The cause having been summed up by the counsel, the court by way of charge, explained to the jury the nature of the title set up on the part of the plaintiff, and told them, that, if true in point of fact, it was sufficient in law to enable the plaintiff to recover, unless overcome by the title set up on the part of the defendant. In the next place, the court stated to the jury the nature of the title set up on the part of the defendant, that he claimed under a lease alleged to have been made to him by the testator, Peter Wintermute, in his life time, for a term, which was unexpired when this action of ejectment was brought ; and that if this defence was established in point of fact, it was sufficient to protect the defendant from a recovery in this action ; and that the principal question in the case, was, as had been argued to them by the respective counsel, whether there was at the commencement of this suit, a subsist-

Den v. Wintermute.

ing lease, as the defendant alleged ; and that it was incumbent on the defendant to establish this defence by the evidence, to their satisfaction. The court then stated to the jury the prominent points of the evidence, on both sides of the question, informing them in the course of the remarks on this head, that the cancellation of a lease by one party without the knowledge or consent of the other, did not impair the rights of the latter, and then submitted the case to them, as mainly depending on matters of fact, proper for their examination and decision.

After the charge was closed, the defendant's counsel requested the court to charge the jury, that if the lease was cancelled, and yet the defendant remained on the premises paying rent, he was to be considered as a tenant from year to year, and was entitled to notice to quit. The court declined giving such instruction to the jury, and told them, if the lease, as alleged by the defendant, was established to their satisfaction, as a subsisting lease, when this action was brought, the defendant was entitled to their verdict. If they were of opinion the lease was not at that time a subsisting lease, the plaintiff had proved sufficient without notice to quit, to entitled him to recover.

The jury rendered a verdict for the plaintiff. On the return of the postea, a rule to shew cause was granted.

*T. C. Ryerson*, in support of the rule, insisted, that a new trial ought to be granted. 1. Because the judge at the circuit omitted to charge the jury, that it was the duty of the plaintiff to prove that the defendant did consent to cancelling the lease. 2. Because the defendant has discovered new evidence since the trial. 3. Because the verdict was against the evidence and the weight of evidence.

*J. W. Miller*, for the plaintiff, argued as to the ground, that the defendant has discovered new evidence since the trial, it depends upon the facts that were controverted on the trial. The plaintiff made out his title under the will of his father, which was not disputed, and shewed that he was entitled to the immediate possession of the premises to enable him to pay several legacies charged upon the lands devise to him by the will.

The defendant does not dispute the plaintiff's title under the will, but sets up a lease from the testator to him, which he insists still exists, the term not having yet expired.

This lease the defendant attempted to prove, and it was the only controverted fact of any importance in the cause. The judge, in his charge, put the cause to the jury expressly upon the fact whether the lease was still subsisting or not.

The new evidence now offered, is merely an additional witness in support of the same fact which the defendant undertook to prove on the trial. When the law speaks of new evidence, it means a new fact, not before proved in the cause and which may materially affect the result.

The evidence here offered, is merely cumulative evidence; it is offering a new witness to an old fact, which cannot be done; and cited, 2 *N. Y. Term. Rep.* 133 ; 8 *John. Rep.* 84 ; 15 *John. Rep.* 210 ; 1 *Wils.* 98; 2 *T. R.* 113 ; 1 *South.* 338 ; 1 *Halst.* 444; 4 *Halst.* 239.

He insisted that the verdict was not against the evidence or the weight of evidence, and reviewed it. He remarked, that in this case there was no question of law reserved at the trial, but it was a trial merely upon the facts before the jury. A verdict on questions of fact fully discussed by counsel, unexceptionably explained by the judge, and when evidence as to the controverted fact is given on both sides, ought not to be disturbed ; and cited, 4 *Halst.* 241 ; 3 *John. Rep.* 280 ; 2 *Arch. P.* 252 ; 3 *Black. Com.* 392 ; 6 *T. R.* 638. If it should be admitted that the evidence in this case was doubtful, still the court will not interfere, as it is the peculiar province of the jury to judge and determine upon the facts.

The opinion of the court was delivered by Justice FORD.

FORD, J. George Wintermute claimed the premises in question as devisee thereof under the will of his late father, against his brother, Peter Wintermute, the defendant, who claimed them under a lease executed to him by their late father, for a term of years not yet expired. Peter took possession under the lease of which there was no copy or counterpart ; the original was left in the hands of his father after it was executed, and at his death, was found among his papers, cancelled. Peter complained of this cancelling as being done without his knowledge or consent, and that it could not invalidate the lease ; on the other hand, it was insisted that the cancelling was done by his consent ; and the lessor of the plaintiff gave in evidence sun-

dry circumstances, from which he supposed the jury might fair-
ly infer, that the cancelling was done with the lessee's consent.
These circumstances, together with those on the other side, the
court put fairly to the jury, who, after weighing them all, found
in favor of the plaintiff.

The defendant moves for a new trial. Having proved the ex-
ecution, existence and validity of the original lease, it was not
incumbent on him to prove that he did *not* consent to its cancel-
ling; he could not prove a negative; the duty of proving the
affirmative, that he did consent to its cancelling, lay entirely on
his adversary; and he insisted that the court ought so to have
instructed the jury. He makes the want of such instruction
one ground for a new trial. But it appears to me that there is
no ground whatever for this complaint. Such a principle was
neither set up nor intimated as that the defendant must prove a
negative; that he did not consent to the cancelling; the con-
trary was directly admitted by the plaintiff; he assumed the
duty of proving the affirmative : of shewing that the defendant
did consent to the cancelling; in proof of which he adduced
the circumstances on which he relied as evidence of the fact.
Whether these were of sufficient weight to induce a belief of the
defendant's consent, was the very question in the cause; and
the court stated it to the jury as intelligibly it appears to me,
as possible, by a presentation of all the circumstances. and
leaving the matter to their consideration, whether the proof of
consent was sufficiently made out by the plaintiff. If the court
had said that the plaintiff was bound to prove the consent of the
defendant, it would have been merely superfluous, as it was the
very thing the plaintiff assumed to do; and the only question
before the jury was, not whether he was bound to do it, but
whether he had accomplished his task. To this point the court
properly directed the attention of the jury.

Another reason offered for a new trial is, that a witness, un-
known at the trial, has been subsequently discovered, who heard
the testator speak of the lease with great dissatisfaction in his
life time, coupled with expressions of great irritation against
the lessee, his son, signifying that it was in his power to put an
end to it, and raising the presumption higher than it was before,
that he cancelled it in a fit of passion. This is what is called

cumulative or additional evidence, to fortify a point which has. been already tried, in order to make it stronger; which has. been repeatedly refused as any ground for a new trial, 4 *Halst.* 240. A new witness to character, credit, hand writing, dates, absences, violences and the like, might be found after a half a dozen trials, and render new trials endless, if every piece of cumulative evidence not known of before, was ground for setting aside a verdict. It ought to respect a new point; one that has come to light since the trial, on which the party has never been heard; such as the discovery of a release, or receipt for part payment, or some new ground of defence; and not further evidence in support of an old ground that has been once contested already. There being no good cause shewn for a new trial in this case, the rule must be discharged.

'Rule to shew cause discharged and judgment ordered.

CITED in *Mechanics Insurance Co. ads. Nichols*, 1 *Harr.* 412 ; *Dundee Manfg Co.* v. *Van Riper*, 4 *Vroom.* 155.